CHAUVET v. IVES.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. COMPROMISE AND SETTLEMENT—TERMINATION OF LITIGATION—CONSTRUCTION OF AGREEMENTS.

Persons interested in an estate which was involved in litigation entered into an agreement by which the litigation was to be terminated and the estate divided. Plaintiff, an interested party, consented to this agreement upon condition that she and her son should receive $180,000 net, and defendant, another party, should make up any deficiency and receive any surplus, except in case the estate, which was to be sold and converted into money, should realize more than $1,200,000, in which case plaintiff was to receive 10 per cent. of the sum in excess of the said $1,200,000. The proceeds of the estate, less the income received prior to final distribution, amounted to less than $1,200,000, but, including such income, amounted to over that amount. *Held*, that plaintiff was entitled to 10 per cent. of the excess, although such excess was made up of income instead of principal.

2. APPEAL—PROCEEDINGS AFTER REMAND—NEW TRIAL—ADOPTION OF LAW OF CASE—INCONSISTENT ATTITUDES.

The assumption by plaintiff of a certain position, dependent on a construction of a contract which the appellate court holds to be erroneous, does not preclude plaintiff on a new trial from assuming a position consistent with the construction given the contract by the court, and claiming the benefit of such provisions in the contract as, under the construction given it, are in plaintiff's favor.

Appeal from Trial Term, New York County.

Action by Cordelia D. Chauvet against Margaret S. Ives. From a judgment for defendant, plaintiff appeals. Reversed.

See, also, 71 N. Y. Supp. 29; 65 N. E. 971, 173 N. Y. 192.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Stillman F. Kneeland, for appellant.
Algernon S. Norton, for respondent.

INGRAHAM, J. The contract which is the subject of this litigation was before this court in an action between the same parties. 62 App. Div. 339, 71 N. Y. Supp. 29, affirmed in 173 N. Y. 192, 65 N. E. 971. The parties to this action were interested in the estate of one Francis W. Lasak, who died on the 13th of February, 1889, leaving a large estate, consisting of real and personal property. Objections having been made to the probate of his will, pending the litigation that resulted, those interested in the estate as legatees,

devisees, next of kin, and heirs at law entered into an agreement by which the litigation was to be terminated and the estate divided. This agreement was originally based upon a proposition made by Mr. Calvin Frost, who had acted as attorney for several of those interested in the estate, and as a basis of this settlement the estate was estimated to be of the value of $1,100,000. The plaintiff's interest in the estate was, as stated by Mr. Frost in his proposed settlement, that if the will was sustained she would receive during her life the income of upwards of $326,000, and at her death her son would have $50,000, which was less than she would receive by the plan proposed, while, if the will and codicil should be set aside, she would receive $56,000 more than she would upon the settlement proposed. Based upon this scheme, the parties made an agreement under which the will was to be set aside and the estate divided among those who were interested in it according to the basis of Mr. Frost's proposal. The plaintiff, however, consented to this arrangement upon condition that she and her son should receive $180,000 net, the defendant to make up any deficiency and to receive any surplus. Subsequently formal agreements were executed by the parties by which the interest of those interested in the estate was transferred to Mr. Frost, and he agreed to convert the estate into money and make the division according to his original proposal. On June 16, 1892, formal instruments were executed to carry out this understanding, and at the same time the plaintiff and the defendant executed the contract to carry into effect the agreement under which the plaintiff consented to the arrangement. By this contract the plaintiff and her son ratified and confirmed to the defendant the sale, conveyance, and release by them made of all and singular the rights, claims, and demands which they had or either of them has or may have to or in the estate, real and personal, which was of the late F. W. Lasak, deceased, or any part thereof, and the proceeds thereof; and the defendant ratified and confirmed to the plaintiff and to her son the promises of the payments to be made to them, respectively, as provided in said agreement; and the defendant further agreed that if, upon the sale and conversion into money of the said estate, real and personal, which was of the late F. W. Lasak, deceased, said estate, upon such sale and conversion into money, realized and produced more than the sum of $1,200,000, the defendant would upon the receipt by her of the sums to which she was entitled under said agreement, and out of the same, pay to the plaintiff a sum equal to 10 per cent. of the sum in excess of $1,200,000 produced and realized upon the sale and conversion into money of said estate.

The intention of the parties is, I think, quite clearly expressed. The plaintiff conveyed, transferred, and released to the defendant all her interest in the estate. The defendant agreed that the plaintiff and her son should receive $180,000, and further agreed that if the estate, when finally sold and converted into money, should realize an amount exceeding $1,200,000, then the defendant should pay to the plaintiff 10 per cent. upon that amount in excess of $1,200,000. It must be remembered that this agreement between

those interested in the estate was to stop a ruinous litigation and to divide the property of the estate among those who were entitled to it. The settlement was based upon an estimated value of $1,100,-000, but as a large part of the estate consisted of real property, that estimate was necessarily somewhat uncertain, depending upon the amount that could be realized upon a sale of the real property. It was understood that the estate might realize over $1,200,000, and, in the event that there was realized more than that sum upon the conversion of the estate into money, the plaintiff was to receive 10 per cent. of the excess. It appeared that, prior to the time this agreement was made, a certain sum of money had been paid to the plaintiff by the executors of the estate out of the income of the personal property of the deceased, the contest over the will as to the personal estate having been terminated in favor of the will. When it came to determine what amount was due to the plaintiff under this contract by which the defendant agreed that that amount should be equal to $130,000, the question was presented as to whether or not the amount that had been paid to the plaintiff out of the income that had been received by the executors and divided prior to the time that the agreement was made should be considered as a part of the estate covered by the contract, and should be credited upon the $130,000 that the defendant had agreed that the plaintiff should receive. That question was determined in the case decided in 62 App. Div. 339, 71 N. Y. Supp. 29. The controversy, then, had resolved itself into the question as to how much of the sum of $130,000 to which the plaintiff was entitled had been paid, it being contended by the defendant that the amounts that the plaintiff had received from the estate, either directly or indirectly, should be applied as payments and deducted from the $130,000, while on behalf of the plaintiff it was maintained that only sums received after the date of the agreement of June 16, 1892, should be deducted. This court held that in making the agreement the amount of the personal property was taken into consideration, and the rights of the parties therein, for the purpose of determining how much each should receive from the entire estate; that the plaintiff was chargeable with all sums received, whether as income from personal property, or from the real property of the estate; that under the agreement the whole of the estate which was to be distributed by Mr. Frost up to the time of distribution by Mr. Frost, whether from principal or income, was to be considered and divided as in the agreement provided. Upon appeal to the Court of Appeals this judgment was affirmed. Mr. Frost, and his personal representatives after his death, proceeded under the agreement, and the conveyances and transfers which had vested him with the entire estate, to sell the property and convert it into money for the purpose of division according to the settlement. After the estate was all disposed of, it appeared that the aggregate of the gross sum realized from the sale of property of the estate amounted to $1,164,-111.83. In addition, there was received as income, before the estate was finally distributed, upwards of $192,000, making the total amount received by Mr. Frost, and which was divided in accord-

ance with the terms of the agreement, $1,356,296.45. I think it was the clear intention of the parties that all the money realized by Mr. Frost from his estate, whether as the proceeds of the sale of property or as income upon the property received by him under the transfers of the various parties who were entitled to the estate, was to be divided under the agreement in the proportions mentioned. That being so, the plaintiff and the defendant together were to receive a certain proportion of the money realized by the sale of the property, or from the income therefrom pending the division. By this contract between the plaintiff and the defendant, the plaintiff and her son were to receive $180,000, and the defendant the balance of the shares to which the plaintiff and defendant would be entitled, upon the condition, however, that the plaintiff was to receive an additional sum from the defendant if, "upon the sale and conversion into money of the said estate, real and personal, which was of the late Mr. F. W. Lasak, deceased, said estate upon such sale and conversion into money realizes and produces more than the sum of twelve hundred thousand dollars." It was the proceeds of the estate that Mr. Frost was to receive that was to be divided, and in this was included all payments that had been made. to the parties to the agreement by way of income from the property of the estate before the settlement of the controversy; and it follows that, if the estate should realize in the hands of Mr. Frost a sum which he was to divide in excess of $1,200,000, then the plaintiff was to receive 10 per cent. of the excess. All through these agreements the parties are contemplating a division of the money that Frost was to receive. He was to divide what he received, and it is clear that he would be compelled to divide the income or interest which he received upon the real and personal estate, as well as the proceeds of the property when sold; and it seems to me clear that it was this sum that Frost would receive and divide that was spoken of in this clause by which the plaintiff was to receive an additional sum of money if the estate realized more than $1,200,-000. The personal property would earn interest, and there would be rents from the real estate, during the time that it took to convert the property into money, which would be payable to Frost under the transfer to him from the various parties interested in the estate. He certainly would be liable to account for it to the parties executing the agreement, and that sum, including interest and income, was therefore the sum contemplated by the parties when they provided for the distribution of the proceeds of the estate; and it is but reasonable to suppose that when the parties to this action made the contract in question they contemplated that the amount which was realized upon the sale and conversion into money of the estate would include the amount that Frost received as interest or income pending the final distribution. I think, therefore, that under this agreement, if the total amount realized by Frost and divided by him exceeded the sum of $1,200,000, the plaintiff was entitled to 10 per cent. of the excess. The learned trial judge based his contrary conclusion upon the fact that as the plaintiff, by her attitude in her former action, had clearly shown

that it was not her understanding that the share for which she stipulated included income, it is no more than proper that she should be held to it, and could not claim that income was to be considered in determining how much was produced by the conversion of this estate into money. The plaintiff took that position, but it was held to be wrong, and she was charged with the income that she had then received as payment on account of the money that she was entitled to under this contract; and the fact that the court construed the instrument in a way that was opposed to her contention, certainly entitles her to the same construction when she seeks to enforce a provision of the contract in her favor. She was defeated upon the former trial, because the construction of this contract that she insisted on was wrong. She now seeks to have the same construction of the instrument that had been applied against her applied in her favor, and I can see no reason why she is not entitled to such a construction. The defendant in the former action by her attitude clearly shows that it was her understanding that the share that was to be paid plaintiff did include income, and, as she succeeded in securing an advantage by having that contention upheld, it is proper that she should be held to it when it is to her disadvantage.

This requires a reversal of the judgment. As there was no disagreement as to the facts upon the trial, we can award upon the findings of the learned trial judge a judgment in favor of the plaintiff for the amount claimed in the complaint, viz., $10,000, with interest from the 20th day of December, 1900, as it appears from the stipulation of the parties that the total amount realized for principal and interest exceeded $1,300,000.

It follows that the judgment appealed from must be reversed, and judgment directed for the plaintiff for $10,000 and interest, with costs in this court and in the court below. All concur; PATTERSON, J., in result.